**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JACK B. JOHNSON, JR.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 14-4008** |
| | * | |
| **UNITED STATES DEPARTMENT OF** | * | |
| **JUSTICE,** *et al.* | * | |
| | * | |
| Defendants | * | |

**<u>MEMORANDUM OPINION</u>**

**I.**

Plaintiff Jack B. Johnson, <u>Jr.</u> has brought suit*, pro se*, against Defendants United States Department of Justice ("USDOJ"), the Federal Bureau of Investigations ("FBI"), Prince George's County Police Department ("PGCPD"), TFO Sgt. Sean Chaney, Special Agent Wendy Hassett, and Special Agent Richard McFeely for alleged threats that appear to have been directed almost entirely at Plaintiff's father, Jack B. Johnson, <u>Sr.</u>

This suit proceeds in six Counts:

Count I:   Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 (Against All Defendants)

Count II:   Unlawful Conduct Pursuant to 42 U.S.C. § 14141 (Against All Defendants)

Count III:  Conspiracy Against Rights as Defined in 18 U.S.C. § 241 (Against Defendants Chaney, Hassett and McFeely)

Count IV:  Intentional Infliction of Emotional Distress (Against All Defendants)

Count V:   Trespass to Land (Apparently Against All Defendants)

Count VI:  Assault (Apparently Against Defendant Chaney Only)

The matter is before the Court on Defendants' several Motions to Dismiss. ECF Nos. 27, 28.

For the reasons that follow, the Court will **GRANT WITH PREJUDICE** the Motions to Dismiss of all Defendants (except Defendant Chaney) as to Counts I through VI; the Court will **GRANT WITH PREJUDICE** the Motion to Dismiss of Defendant Chaney as to Counts I through III; and the Court will **DEFER** ruling on the Motion to Dismiss as to Counts IV through VI as to Defendant Chaney, pending the filing of a certificate by the United States with respect to Defendant Chaney pursuant to 28 U.S.C. § 2679(d)(1), insofar as the United States is prepared to take the position that Defendant Chaney was, at all relevant, times a federal employee acting within the scope of his employment.

## II.

Plaintiff's claims arise out of four incidents that purportedly occurred in 2010 and 2011, more or less the same time that Plaintiff's father, Jack B. Johnson, Sr., former County Executive of Prince's George's County, pleaded guilty to and was sentenced in relation to charges of extortion in violation 18 U.S.C. § 1951, and witness and evidence tampering in violation of 18 U.S.C. § 1512(b)(2)(B).  *See United States v. Jack Johnson*, No. 11-cr-00075-PJM; *see also* 3d Am. Compl. ¶¶ 11, 13, 22, 32, ECF No. 26-1.  Plaintiff submits that Defendants were involved in the "federal probe and sting operation" against his father, which consisted of collaboration among officials from the PGCPD, the FBI, and the U.S. Attorney's Office.  *Id.* ¶ 5–9, 18. Special Agents Hassett and McFeely, whose individual liability is sought, are alleged to have worked on behalf of the FBI, while TFO Sgt. Chaney — also sued in his individual capacity — "upon information and belief, is a member of the PGCPD and engages in special task force work

with the FBI." *Id.* ¶ 7–9. Defendant Chaney is alleged to have been "behind" all the reported incidents. *Id.* ¶¶ 7, 8–9.

As to the first incident, the Third Amended Complaint alleges that on the night of October 30, 2010 and morning of October 31, 2010, in front of a church in Laurel, Maryland, Defendants hung a "graphically detailed effigy of an African-American politician" and wrote "explicitly degrading and racially charged language and symbols including swastikas." *Id.* ¶¶ 19–20. Plaintiff avers that, according to the police report, the racially charged language included as follows: "Death to Niggers," "Fuck Osama, Fuck Obama, Fuck Yo Gorilla Mama," "Black Devil," "Fuck Allah" and "Nappy Halloween." *Id.* ¶ 21. Defendants purportedly engaged in this offensive conduct in anticipation of the sting operation that was to be carried out the next day against Plaintiff's father, Jack Johnson, <u>Sr.</u> *Id*. ¶¶ 19, 22-26. The incident was reported to local law enforcement officials, the Secret Service, and the FBI, which classified it as a hate crime. *Id.* ¶ 21. Plaintiff claims that Defendant Chaney was responsible for the incident because, among other reasons, a grey, four-door Chevrolet—the type of car "Defendants do use and have access to"—was observed near the scene for several hours prior. *Id.* ¶ 25.

As to the second incident, the Third Amended Complaint states that, on November 15, 2010, a "threatening" greeting card that was addressed to "Jack Johnson" and was mailed to Jack Johnson, <u>Sr.</u>'s home, contained a handwritten message: "Cpl. Partenza, Cpl. Eli, PGPD, Hope you Get Raped in Prison, Karma is a Bitch." *Id.* ¶ 30. The card referenced two Prince George's County police officers whom Mr. Johnson, <u>Sr.,</u> a former Prince George's County State's Attorney, had apparently prosecuted in an earlier case. ECF No. 26-1 ¶¶ 29-31. Plaintiff claims to have received the letter because he was responsible for retrieving his parents' mail at their home after they were arrested. *Id.* ¶ 28.

The third incident purportedly occurred on December 27, 2011—approximately three weeks after Jack Johnson, <u>Sr.</u> was sentenced—when Plaintiff received a "threatening" card at Plaintiff's home address of 4709 Tecumseh St., Berwyn Heights, MD 20740.[1] *Id.* ¶ 32.  The card was purportedly addressed to "Jack B. Johnson and family," and included the names of Plaintiff's mother and brother.[2] *Id.* ¶ 38.  The card contained the message: "Fuck u all…u will all die + Burn In Hell!"  *Id.*  Plaintiff alleges that the card was particularly threatening because, among other things, it was placed in his locked mailbox without a return address or metered stamp. *Id.* ¶¶ 33-34.  Plaintiff, on information and belief, alleges that it was Defendant Chaney who wrote the letter and then delivered it by breaking into his condominium complex and mailbox. *Id.* ¶ 35.

The fourth and final incident purportedly occurred on December 28, 2011 and involved a letter written on Prince George's County Government letterhead from Largo Government Center at 9201 Basil Court, Landover, Maryland 20785. *Id.* ¶ 39.  Although the Third Amended Complaint is not explicit, it appears that the letter was sent to the home of Jack Johnson, <u>Sr.</u>, not to Plaintiff's home. *Id.* ¶ 27-28, 38; ECF No. 30-1 at 1. The letter contained four pieces of fake or "monopoly type" money with offensive and threatening notes written on the back as follows: (1) "Fuck U Jack U always hated white people Ha Ha," (2) "Fuck U Jack, Rot in Jail," (3) "Fuck U Jack get fuc'd in the ass for the rest of ur Life," and (4) "Ur mommy burns in hell she should

---

[1] The Court assumes, without deciding, that the language in the writings in all four incidents was in fact "threatening," as opposed to merely unseemly and inappropriate.

[2] A photo of the envelope containing the card was attached as an exhibit to Jack Johnson <u>Sr.</u>'s  Motion to Vacate Pursuant to § 2255 in the Senior Johnson's criminal case.  *See United States v. Jack Johnson*, Cr. No. 11-075, ECF No. 63-4.  According to that photo, the envelope was not addressed to "Jack B. Johnson and Family" but instead to his mother and brother."  The Court is authorized to take judicial notice of pleadings in its own Court. *United States v. Pink*, 315 U.S. 203, 216 (1942); *Thurman v. Robinson*, 1995 WL 133350 *2 (4th Cir. 1995).

have abort U."  ECF No. 26 ¶ 40.  Plaintiff asserts that Defendant Chaney also sent this

"threatening" mailing.  *Id.* ¶ 41.

Plaintiff claims that handwriting analysis and DNA evidence linking the three mailings

has led him to conclude that Defendant Chaney was the author of these writings.[3]  *Id.* ¶¶ 42-47;

Pl.'s Resp. Opp. Defs.' Mots. Dismiss, Ex. A, B, C, ECF No. 30.  While Chaney appears to be

the Defendant of primary concern, the Third Amended Complaint asserts that the other

Defendants "knew or should have known Defendant Chaney's unlawful actions" or in some

fashion participated in carrying out the actions.  *Id.* ¶ 48.

On February 25, 2016, the Court issued a Memorandum Order directing Plaintiff to show

cause within thirty days why his suit should not be dismissed, in part or in whole, for lack of

standing.  *See* ECF No. 36.  The Order indicated that at least three incidents—those occurring on

October 30, 2010, November 15, 2010, and December 28, 2011—clearly targeted Jack Johnson,

<u>Sr.</u> rather than Plaintiff. *Id.*  Thus, it was not clear to the Court on what legal basis Plaintiff was

asserting personal harm based on threats purportedly made to his father, Jack Johnson, <u>Sr.</u>

In his Response to the Show Cause Order, Plaintiff argued that he had standing based on

the December 27, 2011 mailing, which was delivered to his mailbox at his home address, rather

than to his father's address.  Pl.'s Resp. Show Cause, ECF No. 37.  While he repeats his

contention that he "was also charged with retrieving mail for his parents," Plaintiff's Response

---

[3] Plaintiff's entire case is based on the premise that Defendant Chaney was behind all four of these incidents as well as the author of the writings.  For this he relies entirely on the qualified opinion of a purported handwriting expert who has compared the handwriting on the writings to the admittedly blurry signatures of Defendant Chaney on a series of real estate deeds.  Handwriting analysis in general and more particularly its use as a sole means of identifying the author of unwelcome letters is at best a shaky proposition.  *See e.g.*, *U.S. v. Johnsted*, 30 F. Supp. 3d 814 (W.D. Wis. 2013).  But, for reasons that will be set forth *infra*, it is not necessary for the Court to decide the validity of this technique at this time.

The DNA evidence is not linked directly to Defendant Chaney. Plaintiff's suggestion is simply that the DNA is allegedly the same on all the writings. He does not allege that the DNA is that of Defendant Chaney.

largely focuses on this single incident. *Id.* He appears to concede that he lacks standing to pursue claims based on the other three incidents. *See id*

There is, therefore, no need for extended analysis. Clearly Plaintiff lacks standing to pursue in his own name actions purportedly targeting his father. All alleged injuries to Jack Johnson, Sr. alone will be dismissed with prejudice as to all Defendants.

The facts alleged regarding the mailing sent on December 27, 2011 stand on a different footing. The "threatening" card was allegedly delivered to Plaintiff's home address and placed in his mailbox. The message on the card is also less clearly directed at Johnson, Sr. since the card is said to have been addressed to "Jack B. Johnson and family," and included the names of Plaintiff's mother and brother. 3d Am. Compl. ¶ 38. The card contained sentiments directed at "all," such as "u will all die." *Id.* This chain of events would unquestionably demonstrate the requisite injury-in-fact to establish standing on Plaintiff's part. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982); *Carpenter v. Barnhart*, 894 F. 2d 401 (4th Cir. 1990). Plaintiff surmises on information and belief, that it was Defendant Chaney who delivered the card by breaking into Plaintiff's condominium complex and into Johnson's locked mailbox. *Id.* ¶ 35.

Given that at this stage of the proceedings it must accept as true the allegations of the Third Amended Complaint, the Court finds these facts sufficient to sustain Plaintiff's burden of proving that he has standing to pursue claims arising out of the events of December 27, 2011.

## III.

As to the incident of December 27, 2011, then, the Court turns to Defendants' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and (6) (failure to state a claim).

**A.**

Legal Standards

**1.**

Pursuant to Federal Rule of Procedure 12(b)(1), a party may move for the court to dismiss a suit where the court lacks subject matter jurisdiction over the claims alleged in the complaint.  Fed. R. Civ. P. 12(b)(1).   Federal courts are courts of limited subject matter jurisdiction; they "possess only the jurisdiction authorized them by the United States Constitution and by federal statute."  *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (*citing Bowles v. Russel*l, 551 U.S. 205, 127 (2007)).  Section 1331 of Title 28 provides for federal question jurisdiction, or "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Parties can neither confer subject matter jurisdiction nor waive a jurisdictional defect.  *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

As the party asserting jurisdiction, the plaintiff bears the burden of proving that the district court has subject matter jurisdiction.  *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  In considering whether to dismiss for lack of jurisdiction, the court may consider "evidence outside of the pleadings without converting the proceeding into one for summary judgment." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995) ("[T]he court may consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning [subject matter] jurisdiction").

**2.**

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Whether a complaint adequately states a claim for relief is normally judged under Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see Twombly*, 550 U.S. at 555.  A complaint must state "a plausible claim for relief;" "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *id.* at 679, the complaint has not shown that "'the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

A plaintiff proceeding *pro se* is entitled to have his complaint construed liberally, but this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).  While the facts alleged in a plaintiff's complaint must be taken as true, bare conclusory statements "are not entitled to the assumption of truth."  *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 664)) (internal quotation marks omitted). Furthermore, the Court may also take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss into a motion for summary judgment.  *See United States v. Pink,* 315 U.S. 203, 216 (1942); *Thurman v. Robinson,* 1995 WL 133350 *2 (4th Cir. 1995).

## B.

Prince George's County Police Department ("PGCPD") has moved to dismiss the suit against it pursuant to Rules 12(b)(1), asserting that the Court lacks subject matter jurisdiction as

to claims alleged against it.[4]  ECF No.17.  PGCPD submits that the only government entity in

Prince George's County with legal identity such that it can be sued is "Prince George's County,

Maryland."  No legal entity known as "Prince George's County Police Department" exists *sui*

*juris*.

The Court agrees.  Under Maryland law, chartered counties, including Prince George's

County, have the capacity to "sue and be sued." Md. Code Ann., Local Gov't § 9-201 (West).

The County's charter mandates in Section 103 that the corporate name of the County is "Prince

George's County, Maryland," which "shall thus be designated in all actions and proceedings touching

its rights, powers, properties, liabilities and duties . . ." Prince George's County, Md., Code art. 1 §

103. Because only Prince George's County is the only legal entity in the County with the capacity to

be sued, the Court will **DISMISS WITH PREJUDICE** all Counts against Defendant Prince

George's County Police Department for lack of subject matter jurisdiction.

## C.

Defendants USDOJ, FBI, and individual Defendants Hassett, McFeely and Chaney have

moved to dismiss pursuant to Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6)

for failure to state a claim.  ECF No. 27.

What is immediately apparent is that the Third Amended Complaint fails to allege any

specific facts against any of these Defendants (except Defendant Chaney) arising out of the

incident on December 27, 2011 sufficient to sustain a plausible claim for relief against them.  All

that Plaintiff says is that "[a]ll Defendants, based on information and belief, knew or should have

known about Defendant Chaney's unlawful actions, and or, participated in Chaney carrying out

such unlawful action."  3d Am. Compl. ¶ 48.  These "mere conclusory" statements do not

---

[4] PGCPD also moves to dismiss pursuant to Rule 12(b)(4), insufficient process, and 12(b)(6) for failure to state a
claim.  Since the Court is dismissing the suit against it for these reasons stated in the text, there is no need to address
these arguments.

"suffice" to demonstrate that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 677-78.  This is

the first of several reasons (to be discussed infra) why Plaintiff's suit must be dismissed as to

these Defendants.[5]

## 1.

Plaintiff has brought a claim pursuant to 42 U.S.C. § 1983 against all Defendants for the

purported violation "federal and state laws" and his "fundamental rights." 3d Am. Compl. ¶¶ 53-

54.

Section 1983 provides for a cause of action against "[e]very *person* who, under color of

any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of

the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws . . . ." 42 U.S.C. § 1983 (emphasis added).  While a claim against a state

agent may be pursued under Section 1983, for a federal defendant the proper claim is a *Bivens*

claim rather than a Section 1983 claim. *See Bivens v. Six Unknown Named Agents of the Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971); *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006)

("[A] *Bivens* action is the federal analog to suits brought against state officials under . . . 42

U.S.C. § 1983.").  Given that Plaintiff is *pro se*, the Court will construe his "fundamental rights"

claim as a *Bivens* action.

Defendants USDOJ and FBI argue that a plaintiff cannot bring a *Bivens* action against a

federal agency, because "[a]ny remedy under *Bivens* is against federal officials individually, not

the federal government." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996)); *see Doe v.*

*Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] *Bivens* action does not lie against either agencies

---

[5] Defendant Hassett has also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), stating that she was never properly served with a summons and complaint as required by Rule 4(m).  ECF No. 27 at 7.  The Court agrees that Plaintiff's own Proof of Service, ECF No. 12, indicates that Plaintiff failed to effect service of process and the suit will also be dismissed as to Defendant Hassett on this ground.

or officials in their official capacity.") (citing *FDIC v. Meyer*, 510 U.S. 471, 484–86, (1994)).

Plaintiffs USDOJ and FBI are correct.  Accordingly, Count 1 is **DISMISSED WITH**

**PREDJUDICE** as to USDOJ and the FBI.

While a *Bivens* suit might lie against the individual Defendants in their individual, as

opposed to official, capacities, there is an independent reason why a *Bivens* action may not

proceed against them.

The individual Defendants contend that Plaintiff has failed to allege that based on the

events of December 27, 2011 he suffered constitutional harm, as is required for a *Bivens* actions.

Congress. *Goldstein v. Moatz,* 364 F.3d 205, 210 n. 8 (4th Cir. 2004). The Court agrees.

The constitutional rights that Plaintiff says Defendant Chaney violated, and which the

other individual Defendants supposedly had knowledge of, were his violation of three criminal

statutes: (1) 18 U.S.C. § 241, "Conspiracy against Rights,"[6] and (2) 18 U.S.C. § 876(c), "Mailing

Threatening Communication,"[7] and, (3) 18 U.S.C. 1705, "Destruction of Letter Boxes or Mail,[8]"

Defendants argue that none of these claims amounts to a violation of Plaintiff's constitutional

rights. They are correct.

In *Bivens*, the Supreme Court, "'recognized for the first time an implied private action for

damages against federal officers alleged to have violated a citizen's *constitutional* rights.'" *Iqbal*,

556 U.S. at 675 (emphasis added) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66

---

[6] "Conspiracy against Rights" criminalizes the conspiracy by two or more people to "injure, oppress, threaten, or intimidate any person in any State . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States. . . ." 18 U.S.C. § 241.

[7] Section (c) of "Mailing Threatening Communications" criminalizes the "knowing[] . . . deposit[] or caus[ing] to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another . . . " 18 U.S.C. § 876(c).

[8] "Destruction of Letter Boxes or Mail" deems it a crime to: "willfully or maliciously injure[], tear[] down or destroy[] any letter box or other receptacle intended or used for the receipt or delivery of mail on any mail route, or break[] open the same or willfully or maliciously injure[], deface[] or destroy[] any mail deposited therein." 18 U.S.C. § 1705.

(2001)).  Importantly, however, *Bivens* actions have been limited to only certain constitutional

rights, and the Court has "consistently refused to extend *Bivens* liability to any new context or

new category of defendants." *Corr. Servs. Corp.*, 534 U.S. at 69 (noting that "in 30 years of

*Bivens* jurisprudence" the Court has previously only recognized an implied damages remedy

under the Fifth Amendment and the Eighth Amendments).  Accordingly, whether Chaney is

considered a state or federal agent, Count I nonetheless fails to state a claim under § 1983/*Bivens*

based on the criminal statutes he cites.  As the Fourth Circuit has summarized, "The Supreme

Court historically has been loath to infer a private right of action from "a bare criminal statute,"

because criminal statutes are usually couched in terms that afford protection to the general public

instead of a discrete, well-defined group." *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir.

2000) (citing *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 283

(2002) (observing that enforcement of statutory violation under § 1983 requires showing that

"intended to create a federal right").

Specifically, Sections 241 of Title 18 is the "criminal analogue" to a civil cause of action

under 42 U.S.C. 1983 and does not provide for civil liability. *See Innocent v. Bank of New York*

*Mellon*, No. PWG-15-951, 2016 WL 386222, at *5 (D. Md. Feb. 2, 2016).  Similarly, there is no

reason to believe that Congress intended to create a private right of action under either 18 U.S.C.

§ 876 or 18 U.S.C. § 1705.  *See, e.g.*, *Dourlain v. Comm'r of Taxation & Fin.*, 133 F. App'x 765,

768 (2d Cir. 2005) (concluding 18 U.S.C. § 876 is not privately enforceable); *Durso v. Summer*

*Brook Pres. Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1268 (M.D. Fla. 2008) (rejecting that 18

U.S.C. § 1705 created a private cause of action) (citing cases).

Plaintiff's allegations against Defendant Chaney and the two other individual Defendants are limited to conduct he believes violates federal criminal statutes. Violation of these criminal statutes does not amount to a violation of individual rights protected under the U.S. Constitution and Plaintiff may not expand the scope of *Bivens* liability beyond violation of the specific constitutional rights recognized by the Supreme Court.  For this reason, the Court will **DISMISS WITH PREJUDICE** Count I as to all Defendants.

**2.**

In Count II of the Third Amended Complaint, Plaintiff alleges that all Defendants violated 42 U.S.C. § 14141, which states in pertinent part that: "It shall be unlawful for any governmental authority, or any agent thereof . . . to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 14141(a).

Assuming that the statute in question has any relevance to this case whatsoever -- Section 14141 clearly does not create a private right of action.  It provides only for an action by the Attorney General in the name of the United States to bring constitutional tort claims against officials tasked with administering juvenile justice and the incarceration of juveniles. 42 U.S.C. § 14141(b); *see, e.g.*, *Ealy v. Toey,* No. CV GLR-15-545, 2016 WL 1077106, at *5 (D. Md. Mar. 18, 2016); *Awah v. Bd. of Educ. of Baltimore Cty.*, No. WMN–09–CV–1044, 2010 WL 1929908, *2 (D. Md. May 11, 2010).  Plaintiff cannot base a private claim on this statute.  Accordingly, Count II is **DISMISSED WITH PREJUDICE** as to all Defendants.

**3.**

In Count III of the Third Amended Complaint, Plaintiff asserts a claim against the individual Defendants for "callous disregard for Plaintiff's rights" and violat[ing] Federal and state law," pursuant to 18 U.S.C. § 241.  3d Am. Compl. ¶¶ 67-71.

Section 241 of Title 18 criminalizes the conspiracy by two or more people to "injure, oppress, threaten, or intimidate any person in any State . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States. . ." 18 U.S.C.  § 241.  But while the statute provides for criminal penalties, it, too, does not give rise to a private cause of action or give rise to civil liability.  *Taccino v. City of Cumberland, Md.*, No. WMN-09-2703, 2010 WL 3070146, at *2, (D. Md. Aug. 5, 2010); *see also Grant v. Prince George's Cty. Dep't*, No. CV DKC-15-2433, 2016 WL 3541239, at *5 (D. Md. June 29, 2016) ("It is beyond the court's purview in this civil matter to provide relief under criminal statutes [18 U.S.C. §§ 241-242].").  Accordingly, Count III is **DISMISSED WITH PREDJUDICE** as to all Defendants.

**4.**

As to the remaining Counts — IV (Intentional Infliction of Emotional Distress), V (Trespass to Land) and VI (Assault) — USDOJ and the FBI have moved to dismiss, arguing that the wrong defendant has been sued.  Def.'s Mot. Dismiss at 10-11, ECF No. 27.  USDOJ and the FBI also argue that Plaintiff has failed to exhaust his administrative remedies under the FTCA. Defs.' Mot. Dismiss at 11-12, ECF No. 27.  They are correct on both points.

Any action for damages "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages" and must

be brought against the United States pursuant to the Federal Torts Claim Act (FTCA).  28 U.S.C.

§ 2679(b)(1).  The FTCA covers certain claims, but excludes others.  Although intentional torts

are generally excluded, 28 U.S.C. § 2680(a), the tort of intentional infliction of emotional

distress (IIED), somewhat counter-intuitively, is covered.  *See e.g. Truman v. United States of*

*America*, 26 F. 3d 592, 595 (5ᵗʰ Cir. 1994).  So is trespass.  *See e.g. Hatahley v. United States*,

351 U.S. 173, 181 (1956).  And so is assault by a law enforcement officer (though assault by

non-law enforcement officers is excluded), 28 U.S.C. § 2680(h).[9]

    The Court agrees that, by bringing suit against USDOJ and the FBI rather than the United

States, Plaintiff has sued the wrong defendant. The United States' waiver of sovereign immunity

through the FTCA is strictly and narrowly construed and no waiver may be created by courts.

*See Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing *United*

*States v. Kubrick*, 444 U.S. 111, 117-18 (1979)).  The FTCA only waives sovereign immunity

for suits brought against "the United States." As a result, suits against a federal agency *eo*

*nomine* or against a federal employee individually for conduct within the scope of the

employee's employment are dismissible for lack of jurisdiction.  *Strong v. Dyar*, 573 F.Supp.2d

880, 884-85 (D. Md. 2008).

    But even had Plaintiff sued the correct party, *i.e.* the United States, it is undisputed that

he has failed to satisfy the jurisdictional requirement of first filing an administrative claim with

the appropriate federal agency within the two year statute of limitations.  Under the FTCA, "[a]

key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an

administrative claim to the government within two years of the incident."  *Kokotis*, 223 F.3d at

278.  A tort claim "shall be forever barred unless it is presented in writing to the appropriate

---

[9] The Court in no way means to suggest that Plaintiff has correctly pled actions for intentional infliction, trespass or assault.  For present purposes, those issues need not be decided.

-15-

Federal agency within two years after such claim accrues . . ."  28 U.S.C. § 2401(b).  If a plaintiff fails to first present the administrative claim to the agency, the court should dismiss the suit for lack of subject matter jurisdiction.  *See Walker v. Gambrell*, 647 F. Supp. 2d 529, 540-41 (D. Md. 2009).

Well more than 2 years have passed between the incidents on which this lawsuit is based and the date this suit was filed.

Defendants USDOJ and the FBI have produced an affidavit from Lori Lee Holland, Unit Chief of the FBI General Counsel's Office, Discovery Processing Unit II, to the effect that Plaintiff never filed an administrative claim.  See Defs.' Mot. Dismiss, Ex. A. Holland Aff., ECF No. 27-2.  Plaintiff does not dispute this in his responsive pleading.  ECF No. 30 at 5.

Unquestionably, therefore, the Court lacks jurisdiction over the tort claims alleged against USDOJ and FBI.  Accordingly, the Court will **DISMISS WITH PREJUDICE** Count IV for intentional infliction of emotion distress and Count V for trespass as to the USDOJ and FBI.[10]

Apart from the other, already recited, reasons justifying their dismissal, what remains are the three tort claims alleged against the three individual Defendants arising out of the incident on December 27, 2011, as set forth in Counts IV, V and VI.[11]

The FTCA provides that the United States will be substituted as the party defendant where the United States Attorney certifies that the federal employee defendant was, at all relevant times, acting within the scope of his employment. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995). Thus the FTCA provides:

---

[10] Count VI, it will be remembered, is against Agent Chaney alone.

[11] *See* Note 10, *supra.*

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  A plaintiff may challenge the Attorney General's certification, in which case it "serves as prima facie evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." *Guiterrez de Martinez v. Drug Enf't Admin.*, 111 F.3d 1148, 1153 (4th Cir. 1997) (citing cases).

The individual Defendants state that the United States, as yet, has not moved to substitute itself in the place of any individual Defendant, given that Defendants do not believe Plaintiff has stated a claim for intentional infliction of emotional distress.  But Defendants have indicated that the United States will make a formal certification if the Court determines that an FTCA claim survives the Motion to Dismiss.  Defs.' Mot. Dismiss at 11 n.6, ECF No. 27-1.

This puts the cart before the horse.  If the United States is to be substituted for Defendant Chaney and the other individual Defendants, the result would be that the Court would lack jurisdiction over the suit, just as it lacks jurisdiction with respect to the USDOJ and the FBI, *i.e.* limitations have run and there has been no exhaustion of administrative remedies. The Court is not inclined to adjudicate the viability of individual claims if, as is highly likely, it lacks jurisdiction over the claims in the first place.  Accordingly, the Court will **ORDER** the United States, if it is so inclined, to make an appropriate certification as to Defendant Chaney within 20 days.  Meanwhile, the Court will **DEFER** ruling as to Counts IV, V and VI as to Defendant Chaney.

## IV.

Since Plaintiff lacks standing to pursue claims arising out of the purported incidents of October 30, 2010, November 15, 2010, and December 28, 2011, all such claims as to all Defendants are **DISMISSED WITH PREJUDICE**.

Since Plaintiff has demonstrated standing to proceed with respect to claims arising out of the purported incident of December 27, 2011, the Court rules as follows:

A) All claims against Defendant Prince George's County Police Department are **DISMISSED WITH PREJUDICE**.

B) All claims against Defendants USDOJ, FBI and individual Defendants Hassett and McFeely are **DISMISSED WITH PREJUDICE**.

C) Counts I, II and III against Defendant Chaney are **DISMISSED WITH PREJUDICE**.

D) The Court will **DEFER** ruling on Count IV, V and VI against Defendant Chaney, pending the filing by the United States of a certification that Defendant Chaney was, at all relevant times, acting within the scope of his employment, pursuant to 28 U.S.C. § 2679 (d)(1). Such certification shall be filed within twenty (20) days.

A separate Order will **ISSUE.**


_____**/s/**_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 2, 2016**