# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JACK B. JOHNSON, JR.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 14-4008** |
| | * | |
| **UNITED STATES DEPARTMENT OF** | * | |
| **JUSTICE,** *et al.* | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Jack B. Johnson, <u>Jr.</u>, *pro se*, sued the United States Department of Justice ("USDOJ"), the Federal Bureau of Investigations ("FBI"), Prince George's County Police Department ("PGCPD"), TFO Sgt. Sean Chaney, Special Agent Wendy Hassett, and Special Agent Richard McFeely, asserting three claims under Federal law and three under state law stemming from alleged threats mostly directed at Johnson, <u>Jr.</u>'s father, Jack B. Johnson, <u>Sr</u>.

The Court issued a Memorandum Opinion and Order on September 2, 2016, dismissing all claims against all Defendants except Chaney. What remained in this lawsuit were Counts IV-VI of the Third Amended Complaint against Chaney individually, which allege that he committed the following torts: Intentional Infliction of Emotional Distress, Trespass to Land, and Assault. The Government has moved for the Court to substitute it as the sole Defendant in place of Chaney, pursuant to 28 U.S.C. § 2679(d)(1), on the grounds that Chaney, at all relevant times, was acting within the scope of his employment as a federal agent. Accordingly, the Government asks the Court to dismiss the remaining claims for lack of jurisdiction. The Court will **GRANT** the Motion.

"[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may ... be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

The Federal Tort Claims Act ("FTCA") provides that "upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The United States Attorney, exercising power delegated to him by the Attorney General pursuant to 28 C.F.R. § 15.4, has now made that certification, ECF No. 41-1. Accordingly, the Court will **GRANT** the Government's Motion Substitute Party, ECF No. 41 and **DISMISS** all claims against Chaney.

Any action against the United States for damages "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages" must be brought pursuant to the Federal Torts Claim Act (FTCA). 28 U.S.C. § 2679(b)(1). Though some torts are not the covered under the FTCA, intentional infliction of emotional distress, trespass to land, and assault (by a law enforcement officer) are included. *See e.g. Truman v. United States of America*, 26 F. 3d 592, 595 (5th Cir. 1994)("a claim for intentional infliction of emotional distress . . . is not barred by an exception to the FTCA");

*Hatahley v. United States*, 351 U.S. 173, 181 (1956)(holding that trespass is covered by the FTCA); 28 U.S.C. § 2680(h) ("with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising . . .  out of assault").

Exhaustion of administrative remedies is a jurisdictional prerequisite to this Court hearing tort claims against the United States under the FTCA. *Kokotis v. U.S. Postal Serv.,* 223 F.3d 275, 278 (4th Cir. 2000). The Court has already found that Johnson, Jr. failed to exhaust his administrative remedies. *See* ECF No. 39 at 15. He is now time-barred from seeking those remedies, which must be presented in writing to the appropriate Federal agency within two years after such claim accrues . . ." 28 U.S.C. § 2401(b).

Since the Court lacks jurisdiction to hear the tort claims against Chaney and will **GRANT** the Government's Motion to Dismiss the three remaining tort claims against him. ECF No. 41.

As no claims remain, the Clerk of the Court is **DIRECTED** to close this case. A separate order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**October 24, 2016**